Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 585 | **DATE** | 2/8/2001 |
| **CASE TITLE** | BERNINA OF AMERICA, INC. vs. FASHION FABRICS INTERNATIONAL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] It is hereby ordered that the plaintiff's motion for a temporary restraining order [2-1] is granted. Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| ✓ | Notified counsel by telephone. | FEB 09 2001 / date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| CG courtroom deputy's initials | 01 FEB -9 AM 8: 24 | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNINA OF AMERICA, INC., )<br>an Illinois corporation, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br> )<br>FASHION FABRICS INTERNATIONAL, )<br>INC., a Louisiana corporation, d/b/a )<br>ALL BRANDS SEWING MACHINES )<br>& SERGERS, also d/b/a ALL BRANDS )<br>SEWING MACHINE SUPER STORE, )<br>also d/b/a ALLBRANDS.COM, )<br>also d/b/a SEWING MACHINE )<br>SUPERSTORE, also d/b/a A ALL BRANDS )<br>SEWING SUPER STORE, also d/b/a )<br>SEWINGMACHINESTORE.COM, )<br> )<br>Defendant. ) | 01 C 585<br>Judge Ronald A. Guzman<br><br>DOCKETED<br>FEB 0 9 2001 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff Bernina of America, Inc.'s ("Bernina's") motion for a temporary restraining order. Bernina seeks an order temporarily restraining defendant Fashion Fabrics International, Inc., doing business in part as AllBrands ("AllBrands"), from using the registered trademarks "Bernina" or "Bernette" on the AllBrands.com site and within the metatags for the AllBrands.com site. Bernina claims that AllBrands use of the trademarks violates the Lanham Act, 15 U.S.C. §§ 1114, 1125(c), 1125(d), the Illinois Consumer Fraud & Deceptive Business Practices Act ("ICFDBPA"), 815 ILL. COMP. STAT. 505 *et seq.*, and constitutes the misappropriation of name or likeness for commercial purposes. For the reasons set forth in this Memorandum Opinion and Order, the Court grants the motion.

# FACTS

Bernina is marketer of sewing machines and sewing machine technologies manufactured by its corporate parent, Fritz Gegauf, A.G. (Compl. ¶ 2.) Bernina markets its products to a nationwide network of authorized dealers throughout the United States. (*Id.*) Bernina is the United States licensee of the registered trademarks "Bernina" and "Bernette," Bernina has registered these trademarks, and Bernina has used the trademarks continuously for many years to market Bernina's sewing machines, products, and technologies. (*Id.* ¶ 14.)

AllBrands, as the name connotes, is a retailer of many brands of sewing machines and sewing products, including those marketed by Bernina. (*Id.* ¶ 3.) AllBrands is an independent retailer and not an authorized Bernina dealer. (*Id.* ¶ 19.) AllBrands operates its principal business by means of an established online presence on the World Wide Web, specifically at "http://www.allbrands.com". (*Id.* ¶ 15.) On its website, AllBrands uses the "Bernina" and "Bernette" trademarks, by themselves and to describe certain products, such as "Bernina Industrial Zigzag Sewing Machines," "Bernina & Bernette Sewing Machines," "Bernina (Tacsew) 950 4.5mm Zigzag," and "Bernina Artista 180." (*Id.*, Ex. C at 4, Ex. D at 1-2.) AllBrands also describes the Bernina line of sewing machines and informs consumers of the latest developments in Bernina's manufacturing processes. In addition, AllBrands uses the "Bernina" and "Bernette" trademarks within the source code embedded within the AllBrands.com site, which results in customers finding the AllBrands.com site and the descriptions of the Bernina Line and developments in Bernina manufacturing processes when entering either "Bernina" or "Bernette" as a search term while using a search engine. (*Id.* ¶ 16.)

# DISCUSSION

"The standards for a temporary restraining order and a preliminary injunction are identical" *Frederick Atkins, Inc. v. Carson Pirie Scott & Co., Inc.*, No. 99 C 7838, 1999 WL 1249342, at *1 (N.D. Ill. Dec. 13, 1999). "[P]laintiff bears the burden of showing: 1) some likelihood of success on the merits; 2) no adequate remedy of law exists; 3) plaintiff will suffer irreparable injury if the TRO is not issued: 4) the irreparable harm plaintiff will suffer if the TRO is granted." *Victor Prods., Inc. v. Customs Accessories, Inc.*, No. 94 C 2125, 1994 WL 130769, at *1 (N.D. Ill. Apr. 14, 1994)

First Bernina has some likelihood of success on its claims under 15 U.S.C. §§ 1114(1), 1125(a), and the ICFDBPA, 815 ILL. COMP. STAT. 505 *et seq.* "The law of trademark and tradename infringement or unfair competition precludes one from using the distinctive mark of name of another if it will deceive or cause a likelihood of confusion as to the origin of the goods involved." *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 911 (Fed. Cir. 1984). "Liability under the Lanham Act, 15 U.S.C. §§ 1125(a), 1114(1) (1982), is premised on whether the public is likely to be deceived or confused by a given practice." *Id.* "[U]nder Illinois law, claims under the ICFDBPA . . . are to be resolved according to principles set forth under the Lanham Act." *D 56 Inc. v. Berry's Inc.*, 955 F. Supp. 908, 920 (N.D. Ill. 1997).

It is well-settled that under the "first sale doctrine," an independent dealer may use a manufacturer's trademark to re-sell that brand of goods, *see, e.g., Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1077 (9th Cir. 1995); *Quill Corp. v. NADA Scientific Ltd.*, No. 97 C 7461, 1998 WL 295502, at *3-4 (N.D. Ill. 1998), and that such conduct does not constitute

3

trademark infringement or unfair competition.[1] However, "one who resells trademark goods is obligated to do so in a manner that is not likely to cause confusion or imply that the seller is associated with the manufacturer." *Quill*, 1998 WL 295502, at *3.

As explained by the *Quill* court, in *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 911 (Fed. Cir. 1984), and *Stormor, a Div. of Fuqua Inds., Inc. v. Johnson*, 587 F. Supp. 275, 279 (W.D. Mich. 1984), cases in which the courts found that resellers had engaged in trademark infringement, "the reseller's conduct went beyond the mere resale of trademark goods. In each case, the manufacturer had an authorized sales network in place, and the defendant's actions mislead consumers into believing that the defendant was part of that network." *Quill*, 1998 WL 295502, at *3. As in *Bandag* and *Stormor*, in this case Bernina has its own sales network of authorized dealers. Although AllBrands is not an authorized Bernina dealer, AllBrands represents that it is knowledgeable of all of the latest developments regarding Bernina and Bernette sewing machines and Bernina's manufacturing processes. Nowhere in AllBrands' website does it say that AllBrands is not an authorized Bernina dealer or not affiliated with Bernina. To the contrary, in its website, AllBrands states the following:

(1) "Bernina has introduced a whole new line of Swiss computer machines including a new top of the line with their 1st embroidery hoop machine made in Switzerland."

(2) "Bernina now uses manufacturing plant in Thailand for 950 and 1008 and uses Thai Parts and Labor for the Bernette Sewing Machines."

---

[1] Here, Bernina does not assert that AllBrands sells Bernina and Bernette branded items in anything but a genuine, unchanged state.

4

(3) "Look for return of more mechanical from Thailand, where the flatbed industrial Tacsew-Bernina 950 @ $1,099 and Home Mechanical 1008 @ $599 are now being assembled using some Swiss parts but Taiwan motors."

(*Id.*, Ex. D at 2.) Because AllBrands holds itself out to the public to be abreast of the latest news regarding Bernina, the Court finds that AllBrands' representations go beyond the mere reselling of Bernina's trademark products and mislead consumers into believing that AllBrands is affiliated or associated with Bernina. Thus, Bernina has established some likelihood of success on the merits regarding the likelihood of confusion as to whether AllBrands is representing itself as an authorized dealer of Bernina products under 15 U.S.C. §§ 1114(1), 1125(a) and 815 ILL. COMP. STAT. 505 *et seq.*[2]

Further, it is only because the Court finds that AllBrand's website itself is misleading that it enjoins AllBrand's use of the Bernini and Bernette trademarks as metatags. If AllBrands' website was not confusing to customers, then an injunction of AllBrands' use of the Bernina and Bernette trademarks in its metatags would be improper because such use merely directs customers to the location where they may purchase genuine branded goods from a reseller that does not hold itself out to be anything but an independent retailer unaffiliated with Bernina.

Next, the Court must determine whether an adequate remedy at law exists and whether Bernina will suffer irreparable injury if the TRO is not issued. "[D]amages occasioned by trademark infringement are by their very nature irreparable and not susceptible of adequate measurement for remedy at law." *International Kennel Club of Chicago, Inc. v. Mighty Star,*

---

[2] Because the Court finds that Bernina has some likelihood of success on its claims under 15 U.S.C. §§ 1114(1), 1125(a) and 815 ILL. COMP. STAT. 505 *et seq.*, the Court need not analyze whether there is likelihood of success on its claims under 15 U.S.C. §§ 1125(c), (d).

5

*Inc.*, 846 F.2d 1079, 1092 (7th Cir. 1988). Further, "it is virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill, caused by such violations." *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992). Because Bernina alleges that AllBrands has taken improper advantage of Bernina's goodwill and reputation by misleading the public into believing that it is an authorized Bernina dealer, the Court finds that there is no adequate remedy at law and that Bernina will suffer irreparable diminution of its goodwill and reputation if the TRO is denied.

Lastly, the Court must determine whether the irreparable harm Bernina will suffer if the TRO is denied outweighs any harm AllBrands will suffer if the TRO is granted. In balancing the harms, the Court finds that AllBrands could have easily avoided this lawsuit by clearly stating throughout its website wherever the Bernini and Bernette trademarks are used that AllBrands is an independent retailer not affiliated with Bernina. *See, e.g., Volkswagenwerk Aktiengesellschaft v. Church*, 411 F.2d 350, 352 (9th Cir. 1969) (holding that repairman's use of word "Independent" whenever terms "Volkswagen" or "VW" appeared in advertising was sufficient to distinguish his business from franchised repairmen). Although AllBrands surely will suffer economic harm due to loss of sales in Bernina products if the TRO is granted, such harm is outweighed by the irreparable harm to Bernina, discussed above, if the TRO is denied. Thus, because Bernina has shown some likelihood of success on the merits, no adequate remedy at law, irreparable injury if the TRO is denied and because the balance of the harm weighs in Bernina's favor, the Court grants Bernina's motion for temporary restraining order.

## CONCLUSION

For the forgoing reasons, the Court grants Bernina's motion for a temporary restraining order. The Court hereby enjoins AllBrands from using, in trade or advertising in any fashion, the Bernina and Bernette trademarks on the AllBrands.com website. Further, the Court enjoins AllBrands from using the Bernina and Bernette trademarks within the metatags for the AllBrands.com website and, upon the removal of the Bernina and Bernette trademarks from its metatags, orders that AllBrands re-register the AllBrands.com web site with all known Internet search engines.

**SO ORDERED**  ENTERED: 2/8/01

*/s/ Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**